IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOEL LEANDRO OCAMPO, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 17-cv-7859 |
| v. | )<br>) Judge |
| ROUTE 66 PIZZA, INC., and ALBERTO VELASCO, | )<br>) Magistrate Judge |
| | ) |
| Defendants | )<br>) |

# COMPLAINT

Plaintiff Joel Leandro Ocampo (hereafter "Plaintiff"), through his attorneys, against Defendants Route 66 Pizza, Inc., and Alberto Velasco, (hereafter "Defendants") states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and Chicago Minimum Wage Ordinance ("CMWO") 1-24-010 *et seq.*, for Defendants': 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL and CMWO; and 2) failure to pay minimum wages to Plaintiff in violation of the CMWO.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

### III. PARTIES

**Plaintiff**

3. During the course of his employment, Plaintiff:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the CMWO;

   c. Was not exempt from the minimum wage or overtime requirements of the FLSA, IMWL and CMWO; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendants**

4. Within the relevant time period, Defendant Route 66 Pizza, Inc:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

   c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

   d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*, and the CMWO 1-24-010.

5. During the relevant time period, Defendant Alberto Velasco:

   a. Has been a principal officer of Defendant Route 66 Pizza, Inc;

   b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

   c. Was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, 820 ILCS 105/3(c), 820 ILCS 115/2, and CMWO 1-24-010; and

   d. Resides in this judicial district.

## IV.    FACTUAL BACKGROUND

6. Route 66 Pizza, Inc, operates a restaurant located on 10180 S. Indianapolis Ave., in Chicago, Illinois.

7. Alberto Velasco is a principal officer of Defendant Route 66 and involved in Defendant Route 66's day to day operations.

8. Plaintiff was employed by Defendants to work as a cook at Defendants' Restaurant for approximately eight years.

9. Plaintiff's employment with Defendant ending approximately in early May 2017.

10. Within the three years prior to the filing of this lawsuit, Defendants regularly directed Plaintiff to work in excess of forty hours per individual work weeks, but Defendants failed to pay Plaintiff at time and half Plaintiff's regular rate of pay.

11. Defendants paid Plaintiff a fixed weekly salary for all time worked regardless of how many hours over forty Plaintiff worked each week.

12. Defendants' fixed salary was insufficient to compensate Plaintiff at the Chicago mandate minimum rate of pay for all time worked between July 1, 2015 and the end of Plaintiff's employment.

## COUNT I
### Violation of the Fair Labor Standards Act- Overtime Wages

13. Plaintiff incorporates and re-alleges paragraphs 1 through 13 of this Complaint, as though set forth herein.

14. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

15. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

16. Plaintiff was not exempt from the overtime wage provisions of the FLSA.

17. Defendant violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

18. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

  E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

  F. Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages

  19. Plaintiff incorporates and re-alleges paragraphs 1 through 18 of this Complaint, as though set forth herein.

  20. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

  21. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during his employment with Defendants.

  22. Plaintiff was not exempt from the overtime wage provisions of the IMWL.

  23. Defendants violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay as referenced in paragraphs 6-12 *supra*.

  24. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

  WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;
- B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);
- C. That the Court declare that Defendants have violated the IMWL;
- D. That the Court enjoin Defendants from violating the IMWL;
- E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and
- F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the CMWO- Overtime Wages

25. Plaintiff incorporates and re-alleges paragraphs 1 through 24 of this Complaint, as though set forth herein.

26. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the CMWO.

27. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

28. Plaintiff was not exempt from the overtime wage provisions of the CMWO.

29. Defendants violated the CMWO by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half at least the minimum wage mandated by the CMWO.

30. Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the CMWO;

B. Liquidated damages in the amount equal to three times the unpaid overtime wages;

C. That the Court declare that Defendants have violated the CMWO;

D. That the Court enjoin Defendants from violating the CMWO;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO, 1-24-110; and

F. such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the CMWO– Minimum Wages

Plaintiff incorporates and re-allege paragraphs 1 through 30 as though set forth herein.

31. This Count arises from Defendants' violation of the CMWO for their failure to pay Plaintiff the Chicago mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 6-12, *supra*.

32. Defendants suffered or permitted Plaintiff to work within the three years prior to the filing this lawsuit.

33. Plaintiff was not exempt from the minimum wage provisions of the CMWO.

34. Plaintiff was entitled to be paid not less than the city of Chicago-mandated minimum wage for all hours worked in individual work weeks.

35. Defendants did not pay Plaintiff the Chicago-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 6-12, *supra*.

36. Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid minimum wages.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid minimum wages due to Plaintiff as provided by the CMWO;

B. Liquidated damages in an amount three time the amount of That the Court declare that Defendants have violated the CMWO;

C. That the Court enjoin Defendants from further violating the CMWO;

D. Fines of $1000.00 for each offense as provided for in CMWO 1-24-100;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO 1-24-110;

F. Such other and further relief as this Court deems appropriate and just.

                                                       Respectfully submitted,

Dated: October 31, 2017

                                                       <u>s/Alvar Ayala</u>
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys